IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY, | § | |
| Petitioner, | § § § | |
| VS. | § | NO. 3-10-CV-2370-B |
| CHIEF JUDGE, FIFTH DISTRICT COURT OF APPEALS | § § § § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action in the nature of mandamus brought by Jerry Blaney, a Texas prisoner, seeking an order compelling the chief judge of the Fifth District Court of Appeals to docket and consider dozens of writs, motions, and subpoenas filed by petitioner in connection with the appeal of his state criminal conviction. On November 19, 2010, petitioner tendered a two-page complaint to the district clerk and paid a $5.00 filing fee.[1] The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

---

[1] The provisions of 28 U.S.C. § 1915(b), which require a prisoner to pay the full amount of a filing fee and the court to assess and collect, when funds exist, such a fee, do not apply to a petition for writ of mandamus arising out of a state criminal proceeding. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

II.

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2i) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

Under the federal mandamus statute, a district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The plain language of this statute limits the mandamus authority of the federal courts to actions involving federal agencies, officers, or employees. Courts lack the

general power to issue writs of mandamus to direct state courts and state judges in the performance of their duties. *See Foley v. Texas*, No. 3-06-CV-2190-D, 2007 WL 603985 at *2 (N.D. Tex. Feb. 27, 2007), *citing Moye v. Clerk, DeKalb Co. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (federal court cannot direct state court or state judicial officer to perform an official act where mandamus is the only relief sought). Because respondent is not a federal officer or employee, petitioner is not entitled to a writ of mandamus.

## RECOMMENDATION

This action should be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 24, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE